UNITED STATES, Appellee

v.

Patricia C. MADIGAN, Captain
U.S. Air Force, Appellant

No. 05-0417

Crim. App. No. 35087

United States Court of Appeals for the Armed Forces

Argued January 11, 2006

Decided May 1, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel

For Appellant:  Captain John S. Fredland (argued); Colonel
Carlos L. McDade, Lieutenant Colonel Mark R. Strickland, Major
L. Martin Powell, Major Sandra K. Whittington, and Captain
Christopher S. Morgan (on brief).


For Appellee:  Captain Jin-Hwa L. Frazier (argued); Lieutenant
Colonel Robert V. Combs and Lieutenant Colonel Gary F. Spencer
(on brief).



Military Judge:  Patrick M. Rosenow



THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Madigan, No. 05-0417/AF

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of a military judge sitting alone, appellant was convicted, pursuant to mixed pleas, of dereliction of duty (two specifications), wrongful use of a controlled substance (diazepam), wrongful possession of a controlled substance (hydrocodone) (two specifications), and uttering fraudulent prescriptions for hydrocodone (two specifications), in violation of Articles 92, 112a, and 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a, 923 (2000), respectively.  The adjudged and approved sentence included dismissal and confinement for seven months.  The Court of Criminal Appeals affirmed in an unpublished opinion.  United States v. Madigan, No. ACM 35087, 2005 CCA LEXIS 69, at *10, 2005 WL 486364, at *4 (A.F. Ct. Crim. App. Feb. 17, 2005).

On Appellant's petition, we granted review of the following issue concerning Appellant's conviction for wrongful use of diazepam:

> WHETHER THE MILITARY JUDGE ERRED BY RULING THAT THE PURPORTED POSITIVE BLOOD LAB TEST FOR DIAZEPAM WAS ADMISSIBLE WHEN THE GOVERNMENT DENIED THE DEFENSE ACCESS TO THE EVIDENCE BY DESTROYING THE BLOOD SAMPLE.

For the reasons set forth below, we affirm.

## I.   BACKGROUND

Appellant, a nurse, was stationed at Lackland Air Force Base in Texas at the time of the charged offenses.  Pursuant to a search warrant, the Air Force Office of Special Investigations (AFOSI) obtained a sample of Appellant's blood on May 17, 1999, and transmitted it to the Armed Forces Institute of Pathology (AFIP).  The validity of the search is not at issue in the present appeal.

AFIP received the sample on May 20, 1999, and conducted five separate tests.  An AFIP report, dated June 2, 1999, stated that Appellant's blood sample tested positive for diazepam.  At the conclusion of the testing process, about five milliliters of the sample remained intact.

On July 14, 1999, the legal office at Lackland Air Force Base asked AFIP to return Appellant's blood sample to Lackland's AFOSI detachment by July 25, 1999.  AFIP did not return the container to Lackland, although it was the normal practice of AFIP to return a container upon such a request.  There is no indication in the record that the Lackland office issued a follow-up request or otherwise expressed concern when AFIP did not return the container.

On December 8, 1999, AFIP inadvertently destroyed Appellant's blood sample in the course of completing the scheduled destruction of negative samples.  Under AFIP

procedures, negative samples may be destroyed six months after receipt.  When there is a positive test result, AFIP procedures require retention of a blood sample for two years, and Department of Defense policy requires retention for one year. Dep't of Defense, Instr. 1010.16, Technical Procedures for the Military Personnel Drug Abuse Testing Program para. E1.9.2 (Dec. 9, 1994) [hereinafter DoD Instr. 1010.16].  The premature destruction of Appellant's blood sample violated these requirements.

During the following two years, drug-related charges preferred against Appellant were the subject of three investigations under Article 32, UCMJ, 10 U.S.C. § 852 (2000), three requests by Appellant for resignation in lieu of court-martial, and numerous other proceedings related to the charges, at which Appellant was represented by counsel.  There is no indication in the record that Appellant requested access to the sample or a retest during the two-year period in which AFIP was precluded from destroying the sample.

In September, 2001, more than two years and three months after the sample was received by AFIP, defense counsel discussed the test with officials at AFIP.  Laboratory officials informed defense counsel, incorrectly, that the sample had been discarded after two years in accordance with standard AFIP procedure.  On November 2, 2001, trial counsel noticed an AFIP memorandum

stating that the laboratory had destroyed the sample inadvertently on December 8, 1999. The next day, November 3, 2001, the prosecution turned this information over to defense counsel.

On November 5, the defense moved to dismiss the diazepam charge on the grounds that AFIP's destruction of the remainder of Appellant's blood sample improperly denied Appellant the opportunity to retest critical evidence. The defense proceeded on the theory that the sample had been destroyed at the end of the two-year period following receipt, apparently overlooking the information about premature destruction by AFIP. In responding to the motion, the prosecution also did not discuss the evidence of destruction prior to completion of AFIP's two-year retention period. The military judge, who focused on the information provided by the parties, denied the motion on the grounds that there was no departure from the AFIP's regulatory retention requirements. Although the military judge did not exclude the evidence of AFIP's test results, he required that the Government stipulate that the sample had been destroyed before Appellant had the opportunity to obtain further testing. Appellant declined to contest the charge, but entered a conditional plea, thereby preserving the opportunity to challenge the military judge's ruling on appeal.

Following the conclusion of trial, defense counsel asked the military judge to reconsider his ruling on the motion to dismiss the diazepam charge, citing AFIP's premature destruction of the blood sample. The military judge denied the request for reconsideration.

## II. DISCUSSION

Rule for Courts-Martial (R.C.M.) 703(f)(1) provides: "Each party is entitled to the production of evidence which is relevant and necessary." R.C.M. 703(f)(2) governs unavailable evidence:

> Notwithstanding subsection (f)(1) of this rule, a party is not entitled to the production of evidence which is destroyed, lost, or otherwise not subject to compulsory process. However, if such evidence is of such central importance to an issue that it is essential to a fair trial, and if there is no adequate substitute for such evidence, the military judge shall grant a continuance or other relief in order to attempt to produce the evidence or shall abate the proceedings, unless the unavailability of the evidence is the fault of or could have been prevented by the requesting party.

The issue before us involves the relationship between the requirements of R.C.M. 703 and applicable rules governing retention and destruction of drug testing samples. In United States v. Pollard, 27 M.J. 376, 377 (C.M.A. 1989), we stated:

> [D]eviating from a regulation or instruction which sets out procedures for collecting,

transmitting, or testing urine samples does not render a sample inadmissible as a matter of law; however, such deviation may be considered along with all other factors in determining if the evidence lacks sufficient reliability to be considered by the finders of fact . . . . [T]he military judge may exclude drug-test results if he finds there has been a substantial violation of regulations intended to assure reliability of the testing procedures.

Regarding AFIP's nonresponsiveness to the request by Lackland's legal office for return of the blood sample, Appellant notes that AFIP had a routine practice of responding to base-level requests for return of drug testing samples, yet AFIP did not respond to the request from the Lackland legal office.  The defense had the opportunity, before and during trial, to explore the reasons for the Lackland request and the circumstances surrounding AFIP's failure to respond, and did not do so.  Instead, the defense chose simply to rely on the fact of the request and the lack of a response.  There is nothing in the record demonstrating that the request was intended to protect the integrity of the evidence, or that the absence of a response was a matter of concern to Lackland.  Under these circumstances, Appellant has not established that return of the sample was required by a regulation or procedure intended to assure the reliability of the testing process.

The premature destruction of the sample, in violation of AFIP procedure and DoD Instr. 1010.16, represents a more

7

significant concern.  As noted in Section I, supra, AFIP was required to retain the sample for one year under DoD Instr. 1010.16 and for two years under AFIP procedure.  Instead, the sample was destroyed after seven months.

In United States v. Manuel, 43 M.J. 282 (C.A.A.F. 1995), this Court considered the implications of premature destruction of a drug testing sample in the context of a defense request for retesting.  When the accused in Manuel requested a retest six months after the initial test, the government advised the defense of the inadvertent premature destruction of the sample. Id. at 284.  The military judge denied a motion to exclude the test results, and the Court of Military Review reversed, citing noncompliance with applicable rules on retention of positive samples.  Id. at 285-86.

In our review of the case under certification from the Judge Advocate General, see Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (1994), we agreed with the lower court that the applicable regulations concerning retention of drug testing samples conferred a right on servicemembers to discover evidence.  Id. at 287.  We added that the regulations did not confer on servicemembers the right to any particular remedy, and that there was "considerable discretion for courts to fashion a remedy to address any deviation from regulatory testing procedures."  Id.  We also noted that in a case involving:

>           gross negligence in the handling of a urine
>           sample and a significant violation of
>           regulations intended to insure reliability
>           of testing procedures, we will not require
>           an accused to make a further demonstration
>           of specific prejudice before we sustain the
>           remedial relief fashioned by a lower court
>           in the exercise of its discretion.

Id. In the course of sustaining the lower court's exercise of discretion, we specifically noted that we were not deciding whether the lower court was required to suppress the evidence as a matter of law, and that we were not holding "that suppression is the appropriate legal remedy in all instances of lost or destroyed evidence." Id. at 289.

Appellant has not challenged the validity of the AFIP procedures and DoD Instr. 1010.16 regarding scheduled destruction of positive samples. Indeed, Appellant relies upon the requirement for AFIP to retain positive samples for two years. In the context of the destruction of evidence under a regulatory schedule that is not under challenge, the Government is not responsible for ensuring the availability of the evidence after the authorized destruction date in the absence of a timely request for access or retention. Without such a request, the responsibility for the unavailability of the evidence after the authorized destruction date rests with the party that failed to make the request that could have prevented the destruction. See R.C.M. 703(f)(2). Such circumstances eliminate the need for

9

analysis under R.C.M. 703(f)(2) of whether the evidence in question "is of such central importance to an issue that it is essential to a fair trial" and whether "there is no adequate substitute for such evidence."

In the present case, the defense did not submit a timely request. The two-year period following receipt of the sample by AFIP in May 1999 was marked by multiple proceedings related to the charges at which Appellant was represented by counsel. The record contains no defense request during this entire period for access to, or retesting of, Appellant's blood sample. Moreover, the defense was notified of disciplinary proceedings related to the positive drug test well in advance of the destruction of the sample.

The first indication that the defense had any interest in obtaining access to, or retesting Appellant's sample, came in November 2001, more than two years after the sample was obtained and tested by AFIP. The sample was subject to authorized destruction two years after it was obtained, well before the defense request. Appellant's later demand for the evidence fell outside the window of the Government's regulatory obligation to retain the evidence. Under these circumstances, the premature destruction, which occurred after the defense was notified of the drug test results and disciplinary proceedings, did not impede defense access under the regulation. Accordingly, we

decline Appellant's invitation to rely on the premature destruction as a basis for finding that the military judge erred in not excluding the evidence.

We emphasize that our decision today rests upon the facts and circumstances before us in this case. Different considerations might apply in other circumstances, such as when: (1) a party seeks access to, or retention of, the evidence within a regulatory retention period (including the period between any premature destruction and the end of the required retention period); (2) a party demonstrates that the regulatory retention period was so short that it did not permit a reasonable opportunity to request access; or (3) a party demonstrates that, in a particular case, the period between notice to the party of the test result and destruction of the evidence did not provide the party with reasonable time within which to request access to the evidence. Those circumstances are not before us in the present case, and we reserve judgment on the implications of such considerations.

### III. CONCLUSION

The decision of Air Force Court of Criminal Appeals is affirmed.